UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARTIN G LEBLANC,

    Plaintiff,

v.                               Case No: 2:19-cv-235-FtM-99NPM

TOWN OF FORT MYERS BEACH and
MOLLY JACOBS,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to Dismiss for Failure to State a Claim (Docs. ##16, 17) filed on July 8, 2019. Although directed to do so (Doc. #19), plaintiff *pro se* Martin G. LeBlanc did not respond. However, plaintiff did file a letter Notice of Unavailability (Doc. #15) on June 17, 2019, stating that he would be unavailable from June 15, 2019 to September 30, 2019, and no forwarding or temporary address was provided in the interim. Nonetheless, there is no prejudice to plaintiff as the Court finds that the Motions are granted with leave to amend.

**I.**

In this case plaintiff *pro se* Martin G. LeBlanc sues the Town of Fort Myers Beach (Town) and Molly Jacob, a Town code enforcement officer, for purportedly violating his Seventh and Fourteenth Amendment, Section 1, rights under the United States Constitution.

Plaintiff's claim arose out of the Town's enforcement of certain code violations on his property at 230 Bahia Via, Fort Myers Beach, Florida, which plaintiff alleges are "false" and resulting in a lien being placed on his property. (Doc. #1.) Plaintiff alleges that the lien led to the loss of use of his property for refinancing and a grant from the Veteran's Administration. Although difficult to discern, it appears that plaintiff has attempted to apply for permits to adapt his home so that he may use his wheelchair, but the applications have been denied. Further, the work he has had done on his home has not been code compliant. He also states that he received a notice of violation for a fence on his property that was in place before he bought the home and states "this harassment has to stop." (Doc. #1, p. 6.) Plaintiff's Complaint is handwritten on the "Complaint for a Civil Case" form provided by the Court to *pro se* litigants.

Defendants move to dismiss, arguing that plaintiff fails to allege any actionable, cognizable constitutional deprivation and the Complaint fails to plead any facts giving rise to liability.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (pro se) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

**III.**

Although plaintiff alleges that his right under Section 1 of the Fourteenth Amendment were violated, plaintiff fails to specify which provision of Section 1 was violated - due process or equal protection. Based upon the vague allegations of the Complaint, the Court assumes that plaintiff believes his due process rights were violated.

"Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." Laster v. City of Tampa Police Dept., 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983). "Persons" include individuals and municipalities and other local-government units. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). "[T]he Due Process Clause was intended to prevent government officials from abusing their power, or employing it as

an instrument of oppression." Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (internal quotations and citations omitted).

The Fourteenth Amendment to the United States Constitution explicitly guarantees to each citizen that no State shall "deprive any person of life, liberty, or property, without due process of law ...." U.S. Const., amend. XIV, § 1. The Supreme Court has determined that the Due Process Clause provides both procedural and substantive rights. Zinermon v. Burch, 494 U.S. 113, 125 (1990); Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir. 2005).

**A. Substantive Due Process**

The substantive due process component of the Due Process Clause protects only those rights that are "fundamental," that is, rights that are so implicit in the concept of ordered liberty that neither liberty nor justice would exist if they were sacrificed. Moore, 410 F.3d at 1342-43; McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc). "Fundamental rights are those rights created by the Constitution," Greenbriar Vill., L.L.C. v. Mountain Brook City, 345 F.3d 1258, 1262 (11th Cir.2003), and have not generally been extended to tort law. Skinner, 62 F.3d 344, 347 (11th Cir. 1995). The Court must analyze a substantive due process claim by first crafting a careful description of the asserted right and then determining whether that asserted right is one of the fundamental rights and liberties within the scope of substantive due process. Moore, 410 F.3d at 1343. "Conduct by a government

actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty' - in other words, only if it affects individual rights guaranteed explicitly or implicitly by the Constitution itself." Dacosta v. Nwachukwa, 304 F.3d 1045, 1048 (11th Cir. 2002) (citation omitted).

Here, plaintiff makes the vague claim that defendants' code enforcement actions have caused him the loss of the use of his property because a lien was placed on the property and he was unable to refinance his home in order to make his home wheelchair accessible. However, the ability to refinance your home in order to convert the property for wheelchair use is not a fundamental right protected by the due process clause. In addition, plaintiff has not alleged that defendants committed any intentional tort that shocks the conscience that would rise to the level of a substantive due process violation.

**B. Procedural Due Process**

"In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (internal citation omitted). Even when the deprivation of

a property interest occurs, "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quoting McKinney, 20 F.3d at 1557). It is only the absence of adequate procedures to remedy the property deprivation of a protected property right that gives rise to a procedural due process claim. Id. at 1331.

First, plaintiff has not identified a constitutionally protected property interest which he was entitled to and that defendants deprived him of. Assuming plaintiff has a protected property right, to determine if a plaintiff has established a valid procedural due process claim the court looks to whether the available procedures were adequate. Cotton, 216 F.3d at 1331. As the Eleventh Circuit observed in Cotton,

> [t]his rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation.

Id. see also Reams, 561 F.3d at 1266 (citing Horton v. Bd. of Co. Com'rs of Flagler Co., 202 F.3d 1297, 1300 (11th Cir. 2000) (no federal procedural due process violation under McKinney if state courts "generally would provide an adequate remedy for the

procedural deprivation the federal court plaintiff claims to have suffered")).

Plaintiff fails to allege that there were inadequate state court remedies available to remedy his alleged procedural violations.  In Florida, an aggrieved party may appeal a final administrative order of an enforcement board to the circuit court. Fla. Sta. § 162.11.  In this case, absent additional facts, it appears that the ability to appeal to state court more than satisfies the requirement that the state provide a remedy.  See Cotton, 216 F.3d at 1331 ("[C]ertiorari [to the state courts] is generally an adequate state remedy.").  In addition, it makes no difference whether plaintiff availed himself of available post-deprivation remedies (which the Court is unaware of as the Complaint is silent on this issue).  As the Eleventh Circuit explained:

> The McKinney rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the McKinney rule looks to the existence of an opportunity—to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered. If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the remedy or attempted to do so.

Horton, 202 F.3d at 1300; see also McKinney, 20 F.3d at 1565 ("The fact that [the plaintiff] failed to avail himself of the full

procedures provided by state law [i.e. the post-termination remedies] does not constitute a sign of their inadequacy.").

**C. Leave to Amend**

The Court finds that LeBlanc has suffered no constitutional infringement.  However, because a party generally should be given at least one opportunity to amend before the court dismisses a complaint with prejudice, Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court will provide plaintiff with a final opportunity to file an amended complaint setting forth claims. The Court will not grant leave to file any additional complaints if the new pleading is insufficient.

The amended complaint must specify the actions of each defendant individually without lumping defendants together as a collective defendant taking a collective action.  Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b).  Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."  Id.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm.  The website has tips, answers to frequently-asked questions, and sample forms.

There is also a link that, through a series of questions, may help plaintiff generate the amended complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motions to Dismiss for Failure to State a Claim (Docs. ##16, 17) are **GRANTED** and the Complaint (Doc. #1) is **dismissed without prejudice** to filing an amended complaint by **October 14, 2019** in compliance with the directives above.  **The failure to file an amended complaint will result in the close of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record