```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MARTIN G. LEBLANC,

       Plaintiff,

v.                                 Case No: 2:19-cv-235-FtM-99NPM

TOWN OF FORT MYERS BEACH and
MOLLY JACOBS,

       Defendants.

_____

## **OPINION AND ORDER**

Before the Court is Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docs. ##22, 23) filed on October 29, 2019. Plaintiff *pro se* Martin G. LeBlanc filed a Response in Opposition (Doc. #25) on December 2, 2019, and defendants replied (Docs. ##26, 27). For the reasons set forth below, the Motions are granted.

### I.

**A. Background**

In this case plaintiff *pro se* Martin G. LeBlanc sues the Town of Fort Myers Beach (Town) and Molly Jacob, a Town code enforcement officer, for purportedly violating his Seventh and Fourteenth Amendment rights under the United States Constitution. Plaintiff's claim arose out of the Town's enforcement of certain code violations on his property at 230 Bahia Via, Fort Myers Beach,

Florida, which plaintiff alleges are "false" and resulted in a lien being placed on his property. (Doc. #21.)  Plaintiff alleges that the lien led to the inability to refinance his property in order to complete the final stages of construction on his property to make it compliant with the Americans with Disabilities Act. (Id.)

**B. Initial Complaint and Dismissal**

Plaintiff's initial Complaint (Doc. #1) was handwritten on the "Complaint for a Civil Case" form provided by the Court to *pro se* litigants.  Defendants moved to dismiss, arguing that plaintiff failed to allege any actionable, cognizable constitutional deprivation and the Complaint failed to plead any facts giving rise to liability.  The Court agreed, and on August 21, 2019, entered an Opinion and Order finding that LeBlanc had suffered no constitutional infringement.  (Doc. #20.)

Because a party generally should be given at least one opportunity to amend before the court dismisses a complaint with prejudice, Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court provided plaintiff with a final opportunity to file an amended complaint setting forth claims.  The Court stated that it would not grant leave to file any additional complaints if the new pleading was insufficient.  (Doc. #20, p. 9.)  The Court informed plaintiff that any amended complaint must specify the actions of

each defendant individually without lumping defendants together as a collective defendant taking a collective action. The Court pointed out that pursuant to Federal Rule of Civil Procedure 10, allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." (Doc. #20, p. 9.)

### C. "Amended Complaint"

On October 11, 2019, plaintiff filed a document that was filed on the docket as an "Amended Complaint," but it is an untitled, single-spaced, and typed document in letter format with a Re: line that reads "Opinion and Order filed on 8/21/19." (Doc. #21.) Defendants move to dismiss, arguing that plaintiff again fails to allege any actionable, cognizable constitutional deprivation and the Amended Complaint fails to plead any facts giving rise to liability. In Response, plaintiff states that he is "willing to dismiss his case against individual Defendant Molly Jacobs . . .", but plaintiff objects to the Town's Motion to Dismiss. (Doc. #25.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the

Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).  Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis."  Id.

### III.

Although the Court's dismissal order informed plaintiff that any amended complaint must comply with Fed. R. Civ. P. 10, plaintiff's purported "Amended Complaint" is an untitled, single-spaced, typed document in letter format with no counts or numbered paragraphs.  Even construing this document liberally as an Amended Complaint, it does not comply with Rule 10.  Additionally, the "Amended Complaint" alleges that defendants' actions violated plaintiff's Seventh and Fourteenth Amendment due process rights, but plaintiff offers nothing that would change the Court's analysis of his claims in its previous dismissal order.

Plaintiff again fails to identify any constitutional infringement. Plaintiff makes the vague claim that defendants' code enforcement actions have caused him the loss of the use of his property because a lien was placed on the property and he was unable to refinance his home in order to make his home wheelchair accessible. (Doc. #21, pp. 1-2.) However, as set forth by the Court in is prior Order (Doc. #20), the ability to refinance your home in order to convert the property for wheelchair use is not a fundamental right protected by the due process clause. In addition, plaintiff has not alleged that defendants committed any intentional tort that shocks the conscience that would rise to the level of a substantive due process violation. (Doc. #20, pp. 4-5.) Additionally, plaintiff fails to allege that there were inadequate state court remedies available to remedy his alleged procedural violations in contravention of his procedural due process rights. (Id., pp. 7-8.)

Because plaintiff has failed to follow the Court's directives to comply with Fed. R. Civ. P. 10 in drafting his Amended Complaint and has otherwise failed to make sufficient allegations to support any constitutional infringement after being afforded the opportunity to do so, the Court dismisses this case with prejudice.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docs. ##22, 23) are **GRANTED.** Plaintiff's Amended Complaint (Doc. #2) is **dismissed with prejudice**. The Clerk is directed to enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2019.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record